UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80004-CIV-MARRA

SAM WYNDER, on his own behalf and
others similarly situated,

Plaintiff,

vs.

APPLIED CARD SYSTEMS, INC., a
Delaware corporation,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff Sam Wynder's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights (DE 13) and Defendant Applied Card Systems, Inc.'s Motion for Leave to File Declaration of Mark E. Zelek, Esq. (DE 35). The Court has carefully considered the motions and is otherwise fully advised in the premises.

I.  Background

Plaintiff Sam Wynder ("Wynder"), a former employee of Defendant Applied Card Systems, Inc. ("Defendant"), worked for Defendant as a customer assistance supervisor in Boca Raton, Florida. (Comp. ¶ 1; Wynder Decl. ¶¶ 3-4.) Wynder brings a collection action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 216(b), on behalf of "himself and other current employees and former employees of Defendant similarly situated to him for overtime compensation." (Compl. ¶ 1.) The Complaint states that Defendant is also engaged in business at multiple locations and "it is the intent of this collective action to apply to all similarly situated

employees regardless of location." (Compl. ¶ 2.)

In support of this motion, Wynder has filed his own declaration and that of another customer assistance supervisor, Jaime Llano. (DE 13-13, 13-14.) Wynder, worked for Defendant from April 2008 through early January 2009, and Llano worked for Defendant from March 2008 to April 2008 and then again between June 21, 2008 and February 17, 2009. (Wynder Decl. ¶ 2; Llano Decl. ¶ 3.) Both worked in Defendant's Boca Raton, Florida location. (Wynder Decl. ¶ 2; Llano Decl. ¶ 3.) Their primary duties involved making calls to delinquent customers, handling customer complaints, corresponding via facsimile and email, answering telephone calls and drafting end of shift reports. (Wynder Decl. ¶ 5; Llano Decl. ¶ 4.) Both employees were salaried, although neither had the authority to hire, fire, interview, create schedules or assign work hours to other employees. (Wynder Decl. ¶¶ 3, 7; Llano Decl. ¶¶ 3, 5.) Both employees regularly worked in excess of 40 hours per week, and Defendant did not compensate them or other customer assistance supervisors for the hours worked in excess of 40 hours per week. (Wynder Decl. ¶¶ 8-9; Llano Decl. ¶¶ 6-7.) In fact, both employees were required to work eight hours or more per month making phone calls from the office on what was supposed to be their days off. (Wynder Decl. ¶ 10; Llano Decl. ¶ 8.)

During the time they worked for Defendant, Defendant employed approximately nine other customer assistance supervisors. Defendant also operated facilities in Delaware and Pennsylvania and Wynder believed that Defendant also employed customer assistance supervisors at those facilities as well. (Wynder Decl. ¶ 12; Llano Decl. ¶ 10.) Both Wynder and Llano often talked to other customer assistance supervisors about how they were expected to work overtime hours without being compensated and they anticipate that other current and

former employees would join this suit if they were given notice. (Wynder Decl. ¶¶ 14, 17; Llano Decl. ¶¶ 12-13.)

According to Wynder, the evidence submitted demonstrates that there are similarly situated employees who wish to opt-in to this lawsuit and therefore the Eleventh Circuit standard for a conditional certification of a class action under the FLSA is met.  In response, Defendants contend that Wynder has not demonstrated that other customer assistance supervisors wish to join the lawsuit.  Specifically, Defendants claim that the two declarations are inadequate and that the declarations contain conclusory allegations. In addition, Defendants argue that Wynder has failed to show that he is similarly situated to the class he seeks to represent.

II.  Discussion

The FLSA provides that an action for overtime compensation "may be maintained . . . by any one or more employees for and in behalf of himself or themselves *and other employees similarly situated*." 29 U.S.C. § 216(b) (emphasis added).  The Eleventh Circuit Court of Appeals has outlined a two-tiered procedure to guide district courts in deciding whether plaintiffs are "similarly situated" for purposes of class certification under § 216(b).  Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001); see Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 (11th Cir. 2003) ("Hipp outlined a two-tiered procedure that district courts should use in certifying collective actions under § 216(b) . . ."). At the "notice stage" of the two-tiered procedure, a court's determination is "usually based only on the pleadings and any affidavits which have been submitted." Hipp, 252 F.3d at 1218 quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir.1995).  "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results

in 'conditional certification' of a representative class." Id.  In addition, before certifying an action as a collective action under § 216(b), the district court "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' . . . ." Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991).  The second stage of the two-tiered procedure usually occurs at the end of discovery upon the defendant's motion for decertification of the class.  Hipp, 252 F.3d at 1218.  At the second stage, the court has much more information on which to base its decision and makes a factual determination on the similarly situated question.  Id.

Following the Eleventh Circuit's directive, this Court will consider the request for court-supervised notification under the first stage of the two-tiered procedure outlined in Hipp.  Hence, the Court will look to the pleadings and affidavits on record to determine whether there are substantial allegations showing that the named Plaintiff is similarly situated to the putative class members.  In addition, the Court will determine whether there is evidence in the record indicating that other individuals wish to join this lawsuit.

Wynder's evidence is sufficient to satisfy the first tier analysis articulated in Hipp and warrant a conditional certification of a representative class.  Wynder and Llano worked as customer assistance supervisors at Defendant's Boca Raton, Florida office and had the same duties.  In addition, they both allege that Defendant regularly failed to pay them all the overtime pay owed to them.  Significantly, Wynder and Llano address the existence of nine other customer assistance supervisors at Defendant's Boca Raton, Florida office that would opt-in if given the opportunity: "I expect that other current and other former employees will join this suit if they are given notice of it and opportunity to join." (Wynder ¶ 17; see Llano ¶ 13.)  See Reyes v.

4

Carnival Corp., No. 04-21861-CIV, 2005 WL 4891058, * 6 (S.D. Fla. May 25, 2005) (affidavits based on personal knowledge, observation and experience provide a sufficient basis to infer that others were treated similarly).  Thus, the Court finds that the Complaint, in conjunction with the declarations, present adequate evidence that others desire to join this action.  Id.; see also Guerra v. Big Johnson Concrete Pumping, Inc., No. 05-14237-CIV, 2006 WL 2290512, at * 4 (S.D. Fla. May 17, 2006) (the affidavit of at least one other co-worker raises the plaintiff's contention that others desire to join the suit beyond mere speculation).  Lastly, the putative plaintiffs are similar in that they are allegedly non-exempt employees working at the Boca Raton office, performing similar tasks, and suffering from the same alleged payment practices.

The Court does find, however, that Defendant is correct that the scope of the notice must be limited.  Simply put, Wynder has failed to establish that he is similarly situated to all current and former customer assistance supervisors employed by Defendant at any location.  Wynder has failed to offer any evidence that the labor practices at issue extended beyond the Boca Raton, Florida location.  See Gonzalez v. Hair Club for Men, Ltd., Inc., No. 6:06-cv-1762-Orl-28JGG, 2007 WL 1079291, at * 3 (M.D. Fla. Apr. 9, 2007) (motion for conditional certification of a company-wide collective action denied when affidavits from employees failed to show that alleged FLSA violations stemmed from a company-wide practice).

Lastly, the Court will address the parties' dispute that Plaintiff did not comply with Local Rule 7.1(A)(3).  Defendant is correct that Plaintiff's motion does not contain the required certification that counsel has conferred in an attempt to resolve the issues raised in the motion.  Defendant also states that Plaintiff made no such effort, a contention which Plaintiff vigorously contests in his reply memorandum.  Defendant seeks to submit a declaration of former counsel

for Defendant to support this point, and Plaintiff filed a verified response to challenge the statements contained in the declaration submitted by Defendant. The Court will grant Defendant's motion for leave to file the declaration. However, the factual dispute between the parties on this matter would require a hearing to make a credibility determination. Simply put, the Court finds that this would be an inefficient use of judicial resources. Instead, Plaintiff's counsel is cautioned to comply with Local Rule 7.1(A)(3) in the future. Furthermore, the Court reminds both counsel to conduct themselves in a professional manner throughout the course of this litigation.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Plaintiff Sam Wynder's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights (DE 13) is **GRANTED**. Wynder is authorized to give notice of this lawsuit to all current and former employees of Defendant at Applied Card Systems, Inc. in Boca Raton, Florida, who have held the position of customer assistance supervisor and who were not paid overtime compensation during the three years preceding the filing of this lawsuit, in a form to be approved by the Court.

2) The parties shall attempt to file a joint proposed notice to the Court within 10 days of the date of entry of this Order. The Court instructs the parties to confer and make every attempt to reach a consensus on the language of the Notice prior to requesting Court intervention. If the parties are unable to agree on a form of

notice, they shall each submit their own proposed form of notice.

3) Defendant's Motion for Leave to File Declaration of Mark E. Zelek, Esq. (DE 35) is **GRANTED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of October, 2009.

_____

KENNETH A. MARRA

United States District Judge